U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 1 4 2014

CLERK, U.S. DISTRICT COURT
By_____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA    §
                            §
VS.                         §   NO. 4:14-CV-196-A
                            §   (NO. 4:12-CR-007-A(03))
MICHELLE JOHNSON            §
                            §

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Michelle Johnson

("movant") pursuant to 28 U.S.C. § 2255 to vacate, set aside, or

correct sentence. Having reviewed the motion and accompanying

memorandum of law, the record, the government's response,

movant's reply, and applicable legal authorities, the court

concludes that the motion should be denied.

I.

Background

On March 9, 2012, movant pleaded guilty to conspiracy to

steal government property, in violation of 18 U.S.C. § 371. On

June 22, 2012, the court sentenced movant to a term of

imprisonment of 60 months, to be followed by a three-year term of

supervised release. The court also ordered restitution in the

amount of $113,585.52. Movant appealed, and the Fifth Circuit

Court of Appeals affirmed her conviction and sentence. United

States v. Johnson, 536 F. App'x 415 (5th Cir. 2013). Movant did not seek certiorari review. She timely filed her § 2255 motion on March 17, 2014.

## II.

### Grounds of the Motion

Movant identified four grounds for relief in her motion: (1) ineffective assistance of counsel for failing to present mitigating evidence; (2) ineffective assistance of counsel for failing to investigate key elements of the case; (3) violation of her rights under Alleyne v. United States, 133 S. Ct. 2151 (2013), and Descamps v. United States, 133 S. Ct. 2276 (2013); and (4) ineffective assistance of counsel for failing to raise relevant issues on appeal.

In her reply, movant raised the following additional claims: (5) her counsel was ineffective for failing to negotiate a plea agreement; (6) the judgment in her criminal case violated the court's scheduling order for sentencing by identifying only one victim; (7) the court violated its scheduling order by filing an untimely request for departure; and (8) her counsel was ineffective for not objecting to the number of victims and the errors between the indictment, the facts, and the PSR.

2

III.

## Analysis

A.   Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted.  United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992).  A defendant can challenge her conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for her procedural default and "actual prejudice" resulting from the errors.  Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors.  It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981).  In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974).

3

B.    Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim,
movant must show that (1) counsel's performance fell below an
objective standard of reasonableness and (2) there is a
reasonable probability that, but for counsel's unprofessional
errors, the result of the proceedings would have been different.
Strickland v. Washington, 466 U.S. 668, 687 (1984).   Both prongs
of the Strickland test must be met to demonstrate ineffective
assistance.   Id. at 697.   Further, "[a] court need not address
both components of an ineffective assistance of counsel claim if
the movant makes an insufficient showing on one."   United States
v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000).

"The likelihood of a different result must be substantial,
not just conceivable," Harrington v. Richter, 131 S. Ct. 770, 792
(2011), and a movant must prove that counsel's errors "so
undermined the proper functioning of the adversarial process that
the trial cannot be relied on as having produced a just result."
Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (emphasis in
orignal) (quoting Strickland, 466 U.S. at 686)).   In the context
of a guilty plea, prejudice requires movant to show there is a
reasonable probability that, but for her attorney's errors, she
would not have pleaded guilty but would have insisted on going to
trial.   Hill v. Lockhart, 474 U.S. 52, 59 (1985).   Judicial

4

scrutiny of this type of claim must be highly deferential, and movant must overcome a strong presumption that her counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

    1.   Ground One

    In her first ground for relief, movant claims that her counsel was ineffective for failing to present mitigating evidence at her sentencing. Specifically, movant complains that her attorney failed to object to (1) the court's reference to movant during sentencing as another defendant, Kayla Wells, (2) various inaccuracies in the PSR, including "wrong dates, organization role, and hearsay about her mother's involvement in the case," and (3) the use of a "non-qualifying, prior conviction" at sentencing. Memo. at 5. However, none of movant's contentions show ineffective assistance of counsel.

    Movant does not identify the dates, organization role, or hearsay statements in the PSR she believes were objectionable or which prior conviction she believes was "non-qualifying." Id. The Fifth Circuit "has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000). Nor does movant explain how raising such objections would have made any difference to the

5

outcome of her criminal proceeding.  It is well established that
the failure to make a frivolous or meritless objection cannot
constitute ineffective assistance of counsel.  <u>See</u> <u>United States</u>
<u>v. Preston</u>, 209 F.3d 783, 785 (5th Cir. 2000).

       Further, movant does not show how her attorney's failure to
object to the court's single, mistaken use of the wrong name
during sentencing, which was immediately corrected, would have
made any difference to the outcome of the proceeding.  Thus,
movant has failed to demonstrate how she was prejudiced by her
counsel's actions.  Therefore, movant's first ground for relief
fails.

       2.    <u>Ground Two</u>

       In movant's second ground for relief, movant claims that her
counsel was ineffective for failing to investigate key elements
of her case.  Movant asserts that "[m]any items that would have
supported [movant's] position went unaddressed" and that her
attorney "failed to prepare for sentencing and by knowing the
laws with respect to sentencing."  Memo. at 5.  Movant further
contends that her attorney failed to object to "inaccuracies" in
the PSR.  <u>Id.</u>

       However, movant has provided no explanation as to what her
attorney should have investigated, what facts or evidence her
attorney did not investigate, and what difference such an

                                   6

investigation would have made to the outcome of the sentencing proceeding or to movant's decision to plead guilty. See Hill, 474 U.S. at 59 ("[W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea."); United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989) ("A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."). Further, movant does not identify the items she believes went unaddressed during her criminal case, which laws her attorney did not know going into the sentencing, or which parts of the PSR she believes were inaccurate. Accordingly, her claims are conclusory and she has failed to satisfy the Strickland standard for ineffective assistance of counsel. See Miller, 200 F.3d at 282.

    3.    Ground Four

    In her fourth ground for relief, movant claims that her counsel was ineffective for failing to raise relevant issues on appeal. Movant contends that by basing the appeal solely on

7

cruel and unusual punishment, her attorney "wasted her appellate rights in a frivolous manner and did not address the legitimate concerns apparent in this case." Memo. at 7. Counsel's failure to raise an issue on appeal constitutes deficient performance only if such decision "fall[s] below an objective standard of reasonableness." United States v. Reinhart, 357 F.3d 521, 525 (5th Cir. 2004) (quoting United States v. Phillips, 210 F.3d 345, 348 (5th Cir. 2000)) (internal quotation marks omitted). Further, "[t]o establish prejudice, [movant] must show 'that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 530 (quoting Phillips, 210 F.3d at 350).

However, movant fails to identify any issues that she believes her counsel should have, but did not, raise on appeal. In short, movant has alleged nothing showing that her counsel's performance was deficient or that movant was prejudiced by her counsel's decisions on appeal. Conclusory allegations are insufficient to establish ineffective assistance of counsel, and movant's claims fail. See Miller, 200 F.3d at 282.

4. Ground Five

Movant's fifth ground for relief, which she raised in her reply, is that her counsel was ineffective for failing to

8

negotiate a plea agreement.  Movant asserts that her attorney "lied about the judge not accepting plea agreements."  Reply at 3.  However, even if such assertion is taken as true, movant has not shown any prejudice from counsel's failure.  Movant has failed to show that the government offered or would have offered her a plea agreement or that she would have accepted such an offer if had been made.  See Wolfe v. Dretke, 116 F. App'x 487, 495 (5th Cir. 2004) ("The district court also applied well-established principles to Wolfe's complaint that Laine failed to negotiate a plea bargain agreement.  Specifically, the district court concluded that Wolfe could not prove prejudice because he did not establish that the State would have offered a plea bargain even if Laine had pursued one."); see also Missouri v. Frye, 132 S. Ct. 1399, 1409 (2012) ("To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel.").  Therefore, movant's fifth ground for relief fails to show ineffective assistance of counsel.

9

5.   Ground Eight

In the eighth ground for relief, which was raised in
movant's reply, movant claims that her counsel was ineffective
for not objecting to the number of victims and the errors between
the indictment, the facts, and the PSR.  Movant contends that her
sentence was based on 54 victims but that her judgment states
there was only one victim, and she faults her attorney for not
objecting to the discrepancy.  However, such objection would have
been frivolous.  Movant participated in a scheme that involved 54
stolen U.S. Treasury refund checks which were cashed at ACE Cash
Express.  Thus, the PSR stated that the offense involved 55
victims, and movant's base offense was increased by four levels
for the involvement of 50 or more victims.  Contrary to movant's
assertion, the judgment in movant's criminal case did not state
that there was only one victim of movant's scheme.  Rather, it
identified only one victim to whom restitution was to be made.
Therefore, there was no discrepancy to which movant's attorney
could have objected, and failure to make a frivolous or meritless
objection cannot constitute ineffective assistance of counsel.
See Preston, 209 F.3d at 785.  Further, the court ultimately
imposed a sentence above the advisory guideline imprisonment
range, and movant has not shown how the outcome of her sentencing
proceeding would have been different if her counsel had objected

10

to the computation of the sentencing guideline range in the PSR. Therefore, movant's eighth ground fails to provide her any relief.

C.   Claims of Errors by the Court

    1.   Ground Three

In her third ground for relief, movant alleges that her Sixth Amendment rights were violated when the court, at sentencing, used items not placed before a jury, or pleaded to by movant.  Specifically, movant claims that the court included incidences of deferred adjudication to enhance her sentence in violation of Alleyne v. United States, 133 S. Ct. 2151 (2013). Movant further claims that such offenses cannot be used during sentencing under the Supreme Court's decision in Descamps v. United States, 133 S. Ct. 2276 (2013).  However, movant's reliance on Alleyne and Descamps is misplaced.

The Supreme Court in Alleyne held that any fact that increases a mandatory minimum sentence for a crime is an "element" of the crime, not a "sentencing factor," and must be found by a jury.  Alleyne, 133 S. Ct. at 2155, 2158.  However, because movant was not subject to a mandatory minimum sentence, such holding has no bearing on movant's case.  Further, Alleyne makes no mention of the admissibility of deferred adjudication offenses at sentencing.

11

The Supreme Court's decision in <u>Descamps</u> is likewise
unavailing.  <u>Descamps</u> held that where a defendant's prior
conviction has a single, indivisible set of elements, a
sentencing court may not apply the modified categorical approach
in determining whether a defendant's prior conviction qualifies
as an Armed Career Criminal Act predicate.  However, movant's
sentencing did not involve the Armed Career Criminal Act, and the
holding of <u>Descamps</u> has no bearing on movant's case.  Also,
contrary to movant's assertion, <u>Descamps</u> does not stand for the
proposition that deferred adjudication offenses should not
receive criminal history points and cannot be considered at all
during sentencing.  Further, "Section 2255 motions may raise only
constitutional errors and other injuries that could not have been
raised on direct appeal that will result in a miscarriage of
justice if left unaddressed," and claims of misapplication of the
sentencing guidelines are not cognizable on collateral review.
<u>United States v. Williamson</u>, 183 F.3d 458, 462 (5th Cir. 1999);
<u>see also</u> <u>United States v. Segler</u>, 37 F.3d 1131, 1134 (5th Cir.
1994).  Therefore, movant's third ground for relief fails.

    2.   <u>Ground Six</u>

In her sixth ground for relief, which movant raised in her
reply, movant claims that the judgment in her criminal case
violated the court's scheduling order for sentencing by

12

identifying only one victim.  Movant claims that the scheduling
order required the judgment to identify all victims and the
amount of loss subject to restitution for each.  However, the
portion of the court's scheduling order referred to by movant is
actually an order for the government to deliver to the probation
officer a written report containing the identifies of the victims
and other pertinent information; it placed no obligations or
requirements on the court regarding the information to be
included in the judgment in movant's criminal case.  Therefore,
movant's sixth ground provides her no relief.

    3.   <u>Ground Seven</u>

    Movant's seventh ground for relief, which was raised in her
reply, asserts that the court violated its scheduling order by
filing an untimely request for departure.  As with her sixth
ground, movant again misstates the requirements of the court's
scheduling order, which provided a deadline for the <u>parties</u> to
file a written motion for departure.  Therefore, the court's
order giving notice of the court's tentative conclusion that a
sentence above the advisory guideline imprisonment range would be
appropriate was not untimely.  Accordingly, movant's seventh
ground for relief fails.

IV.

Order

Therefore,

The court ORDERS that the motion of Michelle Johnson to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED May 14, 2014.

JOHN McBRYDE
United States District Judge

14